**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION**

| | |
|---|---|
| **ROLANDO ALANIS**, *et al.*, | ) |
| | ) |
| *Plaintiffs*, | ) Case No. 1:13-CV-386 |
| | ) (Lead Case; Member Cases 1:14-CV-36; |
| vs. | ) 1:14-CV-48; 1:14-CV-60; 1:14-CV-71) |
| | ) |
| **TRACER INDUSTRIES MANAGEMENT CO., INC.**, *et al.* | ) |
| | ) |
| *Defendants*. | ) |
| _____ | ) |

**DEFENDANTS' OBJECTIONS TO PLAINTIFFS' WITNESS LIST**

Defendants Tracer Industries Management Co., Inc. and Pentair Thermal Management, LLC (collectively, "Defendants") file their Objections to Plaintiffs' Witness List, and state as follows:

**I.   Defendants' Objections to Witnesses Not Timely Disclosed in Plaintiffs' Rule 26 Disclosures or Interrogatory Answers.**

Defendants object to twenty witnesses listed on Plaintiffs' Witness List because they were not timely disclosed in Plaintiffs' Rule 26 disclosures or interrogatory answers. As set forth more fully in Defendants' Motion in Limine No. 1 (Dkt. 61-1 at 176-80), on February 29, 2016, more than <u>four</u> months after discovery closed and after Defendants' summary judgment motion was fully briefed, Plaintiffs identified for the first time in supplemental interrogatory answers 31 witnesses who they assert have knowledge relevant to this action. Dkt. 61-1 at 176-78. On June 3, 2016, nearly <u>eight</u> months following the close of discovery, Plaintiffs served their Third Supplemental Rule 26 Disclosures identifying the 31 witnesses previously identified on February 29th and for the first time disclosing an additional seven witnesses, claiming for the first time

1

that all 38 witnesses are persons likely to have information bearing significantly on their claims. *Id.* at 178.

Plaintiffs' Witness List includes seventeen witnesses who they identified for the first time in their supplemental interrogatory answers served on February 29th,[1] and three witnesses who they disclosed for the first time in their Third Supplemental Rule 26 disclosures served on June 3rd.[2] For the reasons set forth more fully in Defendants' Motion in Limine No. 1 (Dkt. 61-1 at 176-80), because these twenty witnesses were improperly disclosed for the first time well outside the more than two-year, thrice-extended discovery period in this case, allowing Plaintiffs to call any of these witnesses would result in great prejudice to Defendants.

Rule 26(e)(1)(A) requires that a party "who has made a disclosure under Rule 26(a)—or who has responded to an interrogatory, request for production, or request for admission—must supplement or correct its disclosure or response . . . in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing . . . ." Moreover, "[a] party who fails to provide information or identify witnesses through initial disclosures or proper supplementation of discovery responses pursuant to Rule 26(a) and (e) 'is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, *unless that failure was substantially justified or harmless.*'" *JMR Constr. LP v. Modular Space Corp.*, Civ. A. No. 3:07-cv-01925-B, 2008 U.S. Dist. LEXIS 121618, at *7-8 (N.D. Tex. Oct. 28, 2008) (emphasis in original) (quoting FED. R.

---

[1] These seventeen witnesses are Mark McCollister, Mark Brittain, Brad Whitus, Mike Krieg, Kevin Nixon, Wade Morgan, Joel Hebert, James Rowell, James Robey, Romulo Meza, Joe Ruble, Julien Guillen, and five unnamed corporate representatives for Motiva Enterprises, Bechtel-Jacobs, S&B Engineering, PCL-Teton, and Austin Industrial Services.

[2] These three witnesses are Daryl Churchwell, Sammy E. Beckworth, and Tom Tonan.

CIV. P. 37(c)(1)) (granting plaintiff's motion to strike declarations of witnesses filed in support of defendant's motion for summary judgment where the identity of those witnesses were not provided in Rule 26 disclosures or in response to an interrogatory requesting the identity of all persons having knowledge of any discoverable matters).

Plaintiffs failed to timely or properly disclose any of the twenty witnesses they now seek to call at trial. At no time during the more than two-year discovery period did Plaintiffs: (1) supplement their Rule 26 Disclosures to include these witnesses, or (2) identify any of these witnesses (or any others) in response to Tracer's interrogatory asking Plaintiffs to identify each person they claim or believe has knowledge or information concerning the subject matter of this case. Plaintiffs had ample opportunity to disclose these witnesses during the more than two-year, thrice-extended discovery period, but simply did not do so.

The time for disclosing new witnesses who may be called upon to testify at trial has long since passed. Discovery is not a moving target; it closed over nine months ago, and Defendants' summary judgment motion has been fully briefed. As the Court reasoned in its July 25, 2016 Order Denying Plaintiffs' Motion for Leave to File Motion to Compel as Untimely, "reopening discovery at this advanced stage of the litigation would . . . prejudice all parties and further delay this case." Dkt. 64 at 4. Moreover, "[g]iven the issues already pending before [it], the Court is not inclined to reopen summary judgment briefing on the basis of late discovery on the eve of trial." *Id.* at 5.

Accordingly, allowing Plaintiffs to call any of these witnesses in their case-in-chief would result in great prejudice to Defendants. *Modular Space*, Civ. A. No. 3:07-cv-01925-B, 2008 U.S. Dist. LEXIS 121618, at *12 (striking declarations of witnesses not identified in disclosures, discovery responses, or supplementations of disclosures or discovery responses on

3

501101 v1

the basis of prejudice). Defendants were not given the opportunity depose or conduct additional discovery on these witnesses during the ample discovery period in this case, do not have adequate knowledge of the witnesses' anticipated testimony, and cannot prepare an adequate defense for trial. *See id.* at *11-12 (holding that plaintiff would be "highly prejudiced" if the court accepted the declarations filed by defendant in opposition to plaintiff's summary judgment motion because plaintiff "had no opportunity to depose these undisclosed witnesses during discovery and had already moved for summary judgment").[3]

The Rule 26 disclosure requirements exist so that each party has time during the discovery period to depose the other party's witnesses, conduct additional discovery on them, and otherwise prepare its case for trial. Allowing Plaintiffs to call the twenty late-disclosed witnesses at trial would violate the heart and purpose of the Rule 26 disclosure requirements. The Court should thus preclude Plaintiffs from calling any of these twenty witnesses at trial.

## II. Defendants' Objections to Plaintiffs' Untimely Designation of Tracer's Associate General Counsel as a Trial Witness, Which Implicates Attorney-Client Privileged Information That Defendants Have Not Waived.

Plaintiffs have also designated Brad Whitus, Tracer's Associate General Counsel, "to discuss Defendant's alleged compliance with the FLSA prior to and during the Motiva CEP [and] the basis of Defendant's good faith defense." Dkt. 61-1 at 64. Plaintiffs' identification of Mr. Whitus is particularly improper because as Tracer's Associate General Counsel, any potentially relevant information that Mr. Whitus may have is subject to the attorney client

---

[3] Plaintiffs may argue that Defendants are not prejudiced by their late disclosure because many of the witnesses were mentioned during Mark McCollister's October 2, 2015 deposition. But the fact that these individuals were mentioned does not and did not make Defendants aware that Plaintiffs believed them to have knowledge and information concerning the subject matter of this action, nor as persons whom Plaintiffs believe have information that bears significantly on their claims. Neither Rule 26(e) nor Civil Local Rule 26(d) permits a party to avoid its mandatory obligation to supplement its Rule 26 disclosures and interrogatory answers by arguing that the other side *could* have known who that party would call as a witness at trial by reviewing deposition testimony in the matter.

4

privilege and protected from disclosure at trial and otherwise. *C.f. Nguyen v. Excel Corp.*, 197 F.3d 200 (5th Cir. 1999) (affirming district court order requiring counsel for employer to submit to a deposition not on the grounds that the employer had asserted the good-faith defense, but because the employer waived the attorney-client privilege by failing to assert it when the privileged information was sought, and by disclosing portions of the privileged information).

In *Ngyuen*, the employer's executives "could not articulate the basis of the company's good faith belief without stating their reliance upon counsel or without first taking a break in their depositions to confer with counsel." *Id.* at 204. The district court held that the employer, Excel, waived its attorney-client privilege because its executives had referred to counsel's advice. *Id.* at 204-05. The employees argued that Excel's assertion of the good-faith defense placed the advice of counsel at issue concerning the knowledge of Excel's executives regarding the company's compliance with the FLSA. *Id.* at 205. The Fifth Circuit, however, concluded that it need not adopt the position pressed by the employees, instead holding that because Excel failed to assert the attorney-client privilege and disclosed portions of the privileged confidential information, thereby waiving the privilege. *Id.* at 206-207.

Conversely, unlike the employer in *Nguyen*, Defendants have not at any time waived, whether implicitly or otherwise, the attorney-client privilege. Defendants did not produce any evidence relevant to their good-faith defense, whether by testimony or otherwise, that is protected by the attorney-client privilege. Consequently, Plaintiffs should not only precluded from calling Tracer's Associate General Counsel on the grounds of untimeliness, but also for the separate but equally-compelling reason that doing so would improperly prejudice Defendants by implicating testimony that is protected by the attorney-client privilege.

501101 v1

**III.     Defendants' Objections to Witnesses Not Sufficiently Identified.**

Defendants also object to those "individuals" on Plaintiffs' Witness List who have not been named: "Corporate Representative of Motiva Enterprises," "Corporate Representative of Bechtel-Jacobs," "Corporate Representative of S&B Engineering," "Corporate Representative of PCL-Teton," and "Corporate Representative of Austin Industrial Services." Not only are Plaintiffs' disclosures of these witnesses untimely and subject to exclusion for that reason alone (*see supra*, Section I), but Plaintiffs' generic disclosure of these entities' "corporate representatives" are also improper in that they provide Defendants with no notice of the particular individuals whom Plaintiffs may call to testify at trial.

The "basic purpose of [Rule 26 is to] prevent[] prejudice and surprise." *Reed v. Iowa Marine & Repair Co.*, 16 F.3d 82, 85 (5th Cir. 1994); *see also Joe Hand Promotions, Inc. v. Chios, Inc.*, 544 Fed. App'x 444, 447 (5th Cir. 2013) (quoting *Fielden v. CSX Transp., Inc.*, 482 F.3d 866, 871 (6th Cir. 2007) ("Rule 26(a) generally serves to 'allow[] both sides to prepare their cases adequately and efficiently and to prevent the tactic of surprise affecting the outcome of the case.'")); *Malone v. State Farm Lloyds*, No. 98-51232, 1999 U.S. App. LEXIS 39157, at *2-3 (5th Cir. Nov. 22, 1999) (district court did not err in excluding plaintiffs' witness from testifying at trial, "as unfair surprise was an appropriate response to the [plaintiffs'] failure to designate their witnesses and supplement their designations") (citing FED. R. CIV. P. 26 and 37).

Here, it is not Defendants' duty to determine which specific individuals who work at the entities disclosed by Plaintiffs may ultimately be called to testify at trial. *See Williams v. Aramark Services, Inc.*, Civ. A. No. 14-705-JJB-RLB, 2016 U.S. Dist. LEXIS 71891 (M.D. La. Jun. 2, 2016) (plaintiff precluded from presenting testimony of witnesses as trial where she did not seek an extension of the discovery deadline and her Rule 26 disclosures "broadly name[d] 'the employees' of various healthcare facilities as potential witnesses . . . without identifying any

6

specific treating physicians," and noting that "it is not the duty of an opposing party to sift through medical records to determine who treated the Plaintiff and whether those treating physicians will ultimately be called to testify" at trial). Because Plaintiffs did not identify specific individuals they seek to call at trial, Plaintiffs must be precluded under Rule 37(c) from presenting these witnesses.

Moreover, the Court's Standing Order MC-16 requires the parties' witness lists to provide certain, specific information:

> Counsel must attach to the joint pretrial order copies of each party's witness list, listing the witnesses in the order in which they will be called and stating the estimated time for examination, on a form identical to that attached. <u>Please note that a witness's current city of residence must be provided</u>; "care of" addresses, law firm addresses, or P.O. box addresses alone are insufficient.

(Emphasis in original.) Contrary to this requirement, Plaintiffs' disclosures of the "Corporate Representative" of S&B Engineering, PCL-Teton, and Austin Industrial Services improperly list "care of" addresses for registered service agent companies. Dkt. 61-1 at 66-67. Accordingly, the Court should preclude Plaintiffs from calling the five unnamed corporate representatives as trial witnesses.

## CONCLUSION

For the reasons set forth above, Defendants respectfully request that the Court strike the following witnesses from Plaintiffs' Witness List: Mark McCollister, Mark Brittain, Brad Whitus, Mike Krieg; Kevin Nixon, Wade Morgan, Joel Hebert, James Rowell, James Robey, Romulo Meza, Joe Ruble, Julien Guillen, Daryl Churchwell, Sammy E. Beckworth, and Tom Tonan, and the Corporate Representatives for Motiva Enterprises, Bechtel-Jacobs, S&B Engineering, PCL-Teton, and Austin Industrial Services.

This 27th day of July, 2016.                    Respectfully submitted,


                                                  /s/     *Tiffany F. Lim*
                                                 WILLIAM C. MARTUCCI
                                                 (Admitted *pro hac vice*)
                                                 E-mail: wmartucci@shb.com
                                                 Missouri State Bar No. 28237
                                                 CARRIE A. MCATEE
                                                 (Admitted *pro hac vice*)
                                                 E-mail: cmcatee@shb.com
                                                 Missouri State Bar No. 54949
                                                 SHOOK, HARDY & BACON L.L.P.
                                                 2555 Grand Boulevard
                                                 Kansas City, Missouri  64108
                                                 Telephone:  816-474-6550
                                                 Facsimile:  816-421-5547

                                                 TIFFANY F. LIM
                                                 E-mail: tlim@shb.com
                                                 Texas State Bar No. 24093894
                                                 SHOOK, HARDY & BACON, LLP
                                                 JPMorgan Chase Tower
                                                 600 Travis Street, Suite 3400
                                                 Houston, TX 77002-2926
                                                 Telephone: 713-227-8008
                                                 Facsimile: 713-227-9508


                                               **ATTORNEYS FOR DEFENDANTS TRACER INDUSTRIES MANAGEMENT CO. AND PENTAIR THERMAL MANAGEMENT**

## **CERTIFICATE OF SERVICE**

  I hereby certify that on this 27th day of July, 2016, I served a copy of the foregoing on counsel for Plaintiffs through the Court's ECF filing system:

  John Werner
  REAUD, MORGAN & QUINN, L.L.P.
  801 Laurel Street
  P.O. Box 26005
  Beaumont, Texas 77720-6005
  jwerner@rmqlawfirm.com

  Mark Frasher
  REAUD, MORGAN & QUINN, L.L.P.
  801 Laurel Street
  P.O. Box 26005
  mfrasher@rmqlawfirm.com

  **ATTORNEYS FOR PLAINTIFFS**

                */s/ Tiffany F. Lim*
                TIFFANY F. LIM