UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| **ROLANDO ALANIS,** *et al.*, ) | |
| ) | |
| *Plaintiffs*, ) | Case No. 1:13-CV-386 |
| ) | (Lead Case; Member Cases 1:14-CV-36; |
| vs. ) | 1:14-CV-48; 1:14-CV-60; 1:14-CV-71) |
| ) | |
| **TRACER INDUSTRIES MANAGEMENT** ) | |
| **CO., INC.,** *et al.* ) | |
| ) | |
| *Defendants*. ) | |
| _____ ) | |

**DEFENDANTS' OBJECTIONS TO PLAINTIFFS' FIRST AMENDED EXHIBIT LIST**

Defendants Tracer Industries Management Co., Inc. and Pentair Thermal Management, LLC (collectively, "Defendants" or "Tracer") object to Plaintiffs' First Amended Exhibit List as follows:

**I.   GENERAL OBJECTIONS.**

**A.   Plaintiffs' Identification of Deposition Transcripts as Trial Exhibits.**

Defendants object to Plaintiffs' proposed exhibits consisting of deposition transcripts. Of the 113 proposed exhibits, Plaintiffs include the entire deposition transcript for eight Plaintiffs (Nos. 104-105, 107-110, 112-113) and Defendants' corporate representative (No. 38) deposed in this case, as well as deposition transcript material for non-parties deposed in other cases (Nos. 53, 61, and 63). The Court's Standing Order MC-16 ("Order") requires that, for any witnesses who are to appear by deposition, the offering party is to cite the inclusive pages and lines to be read. Standing Order MC-16 at § b(2)(B)(vi). Contrary to this requirement, Plaintiffs have not provided any citations for the deposition transcripts of Plaintiffs, Mark McCollister, or Mark Brittain; rather, they seek to include entire deposition transcripts as trial exhibits. While certain portions of a deposition transcript may become relevant for purposes of impeachment, Plaintiffs

1

have not shown that the entire deposition transcript of each deponent is relevant to this case. Though Plaintiffs eventually provided citations of the deposition transcripts of Sammy Beckworth and Darryl Churchwell, they did not provide these to Defendants until July 25, 2016 — ten (10) days *after* their witness and exhibit lists were due.

Notwithstanding Plaintiffs' failure to provide deposition citations as required by Standing Order MC-16, these deposition transcripts are inadmissible hearsay because Plaintiffs are attempting to admit into evidence statements made out of court to prove the truth of the matter asserted. FED. R. EVID. 801(c); 804(b)(1). Deposition testimony is not excluded by the rule against hearsay only if the deponent is unavailable as a witness and is now offered against a party who had — or whose predecessor in interest had — an opportunity and similar motive to develop it by direct, cross, or redirect examination. *Id.* at 804(b)(1); Fed. R. Civ. P. 32(a)(4). Plaintiffs have not met their burden of proving any of these deponents are unavailable to testify at trial. *See Powertrain, Inc. v. Ma*, No. 15-60132, 2016 U.S. App. LEXIS 105, at *5 (5th Cir. Jan. 4, 2016) ("Although Rule 32 permits deposition testimony from a prior proceeding to be introduced into a later proceeding in limited circumstances, the Fifth Circuit has stated that '[a] deposition may not be introduced into the record at a trial or hearing for any purpose unless the witness is unavailable or exceptional circumstances justify its admission.'") (quoting *Jauch v. Corley, 830 F.2d 47*, 49-50 (5th Cir.1987) (also holding that "[t]he burden of showing the witness's unavailability under [Rule 32] rests with the party seeking to introduce the deposition . . .")); *United States v. Turner*, 561 Fed. App'x 312, 321 (5th Cir. 2014) (district court did not err in finding that former trial testimony was inadmissible because defendant "made no attempt to show that [the witness] was unavailable" and defendant "cannot rely on Rule 807's residual exception to do an end run around Rule 804(b)(1)'s requirement that the witness be

unavailable"). To the contrary, Plaintiffs represented in the Joint Pretrial Order that they "do not foresee any trial witnesses being unavailable," and their Witness List includes these deponents without any mention of them being unavailable for trial.

Plaintiffs' identification as trial exhibits deposition transcripts of Turner Industries representative Mark Brittain, S & B Engineers and Constructors, Ltd. Construction Manager Sammy Beckworth, and Motiva Traffic and Logistics Coordinator Darryl Churchwell is particularly improper. These depositions — of individuals who were employed by other contractors not parties to this action — were taken in other cases against other contractor defendants.[1] As Defendants were not present or represented at these depositions, use of these depositions at the trial in this case is prohibited by Federal Rule of Civil Procedure 32(a)(1) and Federal Rule of Evidence 804(b)(1). And, as set forth more fully in Defendants' Motion in Limine No. 1 (Dkt. 61-1 at 176-80), Plaintiffs should be precluded from calling these witnesses — by deposition or live at trial — because they failed to timely disclose them in their Rule 26 Disclosures or Interrogatory Answers. Though their counsel deposed Mr. Brittain in July 2015, Plaintiffs first identified Mr. Brittain as a person who they believe has knowledge or information concerning the subject matter of this action more than <u>seven</u> months later on February 29, 2016 — more than <u>four</u> months after the close of discovery in this case. Dkt. 61-1 at 176-78. Plaintiffs' counsel deposed Mr. Churchwell and Mr. Beckworth in 2011, yet Plaintiffs first disclosed them years later in Third Supplemental Rule 26 Disclosures served on June 3, 2016 — nearly <u>eight</u> months after the close of discovery in this case. *Id.* at 178. Because these three witnesses were untimely disclosed for the first time well outside the more than two-year, thrice-

---

[1] Mr. Brittain's deposition was taken on July 22, 2015 in *Rioz, et al. v. Turner Industries Group*, Case No. 1:13-cv-387, Mr. Beckworth's deposition was taken on September 16, 2011 in *Griffin v. Engineers & Constructors, Ltd.,* Case No. 1:11-cv-00060, and Mr. Churchwell's deposition was taken on October 12, 2011 in the *Griffin* case and in *Turner v. Performance Contractors, Inc.,* Case No. 1:11-cv-00172.

3

extended discovery period in this case, allowing Plaintiffs to admit testimony from any of them would result in great prejudice to Defendants.

### B. Plaintiffs' Identification of Documents Related to Safety and Safety Procedures.

Defendants object to Plaintiffs' proposed exhibits related to potentially hazardous working conditions, safety procedures and workplace injuries at the Motiva Refinery, as such documents are irrelevant, cumulative, and unfairly prejudicial to Defendants. Many of Plaintiffs' proposed exhibits concern safety procedures for working around potentially hazardous processes and materials. *See, e.g.*, Plaintiffs' Exhibit Nos. 7, 9, 10, 13, 15 and 59. Others relate to workplace injuries. *See, e.g.,* Plaintiffs' Exhibit Nos. 4, 12, 27, 43 and 91. That the Motiva Refinery had present in its operational facilities potentially hazardous processes and materials (including those Plaintiffs' PPE were designed to mitigate) is wholly irrelevant to Plaintiffs' FLSA claims that they were not properly paid overtime for work allegedly done outside of the established shift hours. Exhibits relating to workplace injuries are similarly immaterial to a determination as to Plaintiffs' FLSA claims. Such evidence would be unfairly prejudicial to Defendants, confuse the FLSA issues before the jury, and mislead the jury. Plaintiffs' proposed exhibits relating to potentially hazardous working conditions, safety procedures and workplace injuries could only serve to confuse and mislead the jury and cause unfair prejudice to Defendants. As set forth in Defendants' Motion in Limine No. 1 (Dkt. 61-1 at 185-86), such evidence should be excluded.

### C. Plaintiffs' Identification of Documents Concerning Non-Trial Plaintiffs in this Action and/or Documents Outside the Applicable Statute of Limitations Period.

Defendants object to Plaintiffs' proposed exhibits consisting of timesheets, sign-in sheets and related materials concerning non-trial Plaintiffs in this action and/or dated outside the

applicable statute of limitations. Several of Plaintiffs' proposed exhibits consist of these materials relating to non-party employees and non-trial Plaintiffs. For example, Plaintiffs' Exhibit No. 28 "Samples of Sign In Sheets" contains 54 pages of sign in sheets, many of which are wholly unrelated to the nine representative Plaintiffs whose claims may be at issue in this trial. Plaintiffs' Exhibit Nos. 29, 31, 33, 34, 45, 46, 47, 49, 51, 52, and 55 similarly contain timesheet, sign-in sheet, and related materials of non-party employees and non-trial Plaintiffs. As set forth in Defendants' Motion in Limine No. 1 (Dkt. 61-1 at 182-83), such evidence concerning non-trial Plaintiffs would inject wholly collateral, irrelevant issues and matters not necessary to the jury's consideration of the claims at issue in this trial. These exhibits would confuse the issues and pose a risk of unfair prejudice to Defendants.[2]

Plaintiffs' proposed exhibits also consist of timesheets, sign-in sheets and related materials for trial Plaintiffs that fall outside of the applicable statute of limitations. By way of example, Plaintiffs' Exhibit No. 30 contains a sign-in sheet related to Plaintiff Jose Alvarez dated April 8, 2009. As stipulated in the Joint Pretrial Order, Plaintiff Alvarez filed his claims against Defendants on August 8, 2012. (Dkt. 61 at 13, Admission of Fact No. 8). Thus, even assuming Plaintiff Alvarez is entitled to the three-year statute of limitations available under the FLSA (which Defendants contest), Plaintiffs' Exhibit No. 30 falls outside of that time period. As Plaintiff Alvarez is barred from recovering on any claim related to alleged "off the clock" work performed on April 8, 2009, this exhibit is wholly irrelevant to his claims. Plaintiffs' Exhibit Nos. 32, 35 and 45 similarly contain timesheet, sign-in sheet, and related material dated outside the applicable statute of limitations period. Such evidence is not only wholly irrelevant to

---

[2] Plaintiffs moved in limine to exclude any reference to the "Test Group" procedure or that other Plaintiffs are before the Court or have not pursued their rights, acknowledging that these matters are "not relevant to the claims and defenses and would confuse the issues for the jury . . ." Plaintiffs' Motion in Limine No. 38 (Dkt. 61-1 at 170).

Plaintiffs' claims, but has a high potential of unfair prejudice to Defendants. FED. R. EVID. 401, 402.

## II. SPECIFIC OBJECTIONS.

In addition to the foregoing, Defendants specifically assert the following objections:

| NO. | Plaintiffs' Description | Objections |
|---|---|---|
| 1. | Deposition on Written Questions proving up Alanis-MOT000001 – Alanis-MOT000472 | Inadmissible hearsay. Additional objection as to pp. 3 – 16 as irrelevant, misleading and confusing, unduly prejudicial to Defendants and more prejudicial than probative under 402 and 403. |
| 2. | Bechtel-Jacobs Beyond Zero Safety Management Plan – Rev. 00A Alanis-MOT 000001 – Alanis-MOT 000072 | Irrelevant, as dated outside applicable statute of limitations period. |
| 4. | OSHA – Recordable Details Alanis-MOT 000104 – Alanis-MOT 000111 | Irrelevant, inadmissible hearsay, misleading and confusing, cumulative, unduly prejudicial to Defendants and more prejudicial than probative under 402 and 403. |
| 5. | Traffic Analysis and Modeling for Motiva CEP January 15, 2008 Alanis-MOT 000112 – Alanis-MOT 000135 | Irrelevant, inadmissible hearsay, misleading and confusing, unduly prejudicial and more prejudicial to Defendants than probative under 402 and 403. |
| 7. | Bechtel Working on or Near Energized Circuits September 24, 2007 Alanis-MOT 000142 - Alanis-MOT 000162 | Irrelevant, misleading and confusing, cumulative, unduly prejudicial to Defendants and more prejudicial than probative under 402 and 403. |
| 9. | Bechtel Jacobs Joint Venture Project Hexavalent Chromium Compliance Plan July 20, 2009 Alanis-MOT 000175 - Alanis-MOT 000207 | Irrelevant, misleading and confusing, cumulative, unduly prejudicial to Defendants and more prejudicial than probative under 402 and 403. |
| 10. | Port Arthur Refinery CEP Electrical Safety Rules Alanis-MOT 000208 - Alanis-MOT 000262 | Irrelevant, misleading and confusing, cumulative, unduly prejudicial to Defendants and more prejudicial than probative under 402 and 403. |
| 12. | CEP News Update May 2010 Alanis-MOT 000356 - Alanis-MOT 000366 | Irrelevant, inadmissible hearsay, misleading and confusing, cumulative, unduly prejudicial to Defendants and more prejudicial than probative under 402 and 403. |
| 13. | Safety Bulletin U.S. Chemical Safety and Hazard Investigation Board Feb 2010; Seven Key Lessons to Prevent | Irrelevant, inadmissible hearsay, misleading and confusing, cumulative, unduly prejudicial to Defendants and more prejudicial than probative |

| NO. | Plaintiffs' Description | Objections |
|---|---|---|
|  | Worker Deaths During Hot Work In and Around Tanks<br>Alanis-MOT 000367 - Alanis-MOT 000379 | under 402 and 403. |
| 15. | Bechtel Working on or Near Energized Circuits September 24, 2007<br>Alanis-MOT 000385 - Alanis-MOT 000405 | Irrelevant, misleading and confusing, cumulative, unduly prejudicial to Defendants and more prejudicial than probative under 402 and 403. |
| 16. | Motiva Gate Logs – Aldo Moreno<br>Alanis-MOT 000406 - Alanis-MOT 000415 | Misleading and confusing. The gate log records referenced do not accurately correspond to Plaintiff Aldo Moreno. Defendants submit that their Exhibit No. 34 accurately corresponds to Plaintiff Aldo Moreno. |
| 17. | Motiva Gate Logs – Alvaro Valencia<br>Alanis-MOT 000416 - Alanis-MOT 000422 | Misleading and confusing. The gate log records referenced do not accurately correspond to Plaintiff Alvaro Valencia. Defendants submit that their Exhibit No. 95 accurately corresponds to Plaintiff Alvaro Valencia. |
| 18. | Motiva Gate Logs – Bayardo Munguia<br>Alanis-MOT 000423 - Alanis-MOT 000432 | Misleading and confusing. The gate log records referenced do not accurately correspond to Plaintiff Bayardo Munguia. Defendants submit that their Exhibit No. 54 accurately corresponds to Plaintiff Bayardo Munguia. |
| 19. | Motiva Gate Logs – Benjamin Garcia<br>Alanis-MOT 000433 – Alanis-MOT 00437 | Misleading and confusing. The gate log records referenced do not accurately correspond to Plaintiff Benjamin Garcia. Defendants submit that their Exhibit No. 24 accurately corresponds to Plaintiff Benjamin Garcia. |
| 20. | Motiva Gate Logs – Jose Alvarez<br>Alanis-MOT 000438 – Alanis-MOT 000446 | Misleading and confusing. The gate log records referenced do not accurately correspond to Plaintiff Jose Alvarez. Defendants submit that their Exhibit No. 15 accurately corresponds to Plaintiff Jose Alvarez. |
| 22. | Motiva Gate Logs – Ramiro Munguia<br>Alanis-MOT 000459 – Alanis-MOT 000466 | Misleading and confusing. The gate log records referenced do not accurately correspond to Plaintiff Ramiro Munguia. Defendants submit that their Exhibit No. 64 accurately corresponds to Plaintiff Ramiro Munguia. |
| 23. | Motiva Gate Logs – Raul Reynoso<br>Alanis-MOT 000467 – Alanis-MOT 000472 | Misleading and confusing. The gate log records referenced do not accurately correspond to Plaintiff Raul Reynoso. Defendants submit that their Exhibit No. 82 accurately corresponds to Plaintiff Raul Reynoso. |
| 24. | DVD Bates Label Doc ALANIS00493, Motiva Bates Label ALANIS- | Inadmissible hearsay, misleading and confusing, unduly prejudicial to Defendants and |

7

| NO. | Plaintiffs' Description | Objections |
|---|---|---|
|  | MOT000473 | more prejudicial than probative under 402 and 403. |
| 25. | Verna Rutherford Declaration | Inadmissible hearsay. |
| 27. | News articles about accidents/incidents that occurred at the Motiva Crude Expansion Project | Inadmissible hearsay, irrelevant, misleading and confusing, unduly prejudicial to Defendants and more prejudicial than probative under 402 and 403. |
| 28. | Samples of Sign In Sheets | Objection as to those sign-in sheets wholly unrelated to the nine representative Plaintiffs whose claims may be at issue in this trial as irrelevant, misleading and confusing, unduly prejudicial to Defendants and more prejudicial than probative under 402 and 403. |
| 29. | Ramiro Munguia - Sample of Daily Craft Timesheets and Sign In Sheets | Objection as to those timesheets and sign-in sheets wholly unrelated to Plaintiff Ramiro Munguia as irrelevant, misleading and confusing, unduly prejudicial to Defendants and more prejudicial than probative under 402 and 403. |
| 30. | Jose Alvarez - Sample of Daily Craft Timesheets and Sign In Sheets | Objection as to the sign-in sheet dated outside the applicable statute of limitations period as irrelevant, misleading and confusing, unduly prejudicial to Defendants and more prejudicial than probative under 402 and 403. |
| 31. | Juan Hernandez - Sample of Daily Craft Timesheets and Sign In Sheets | Objection as to those sign-in sheets wholly unrelated to Plaintiff Juan Hernandez as irrelevant, misleading and confusing, unduly prejudicial to Defendants and more prejudicial than probative under 402 and 403. |
| 32. | Bayardo Munguia - Sample of Daily Craft Timesheets and Sign In Sheets | Objection as to the sign-in sheets and timesheets dated outside the applicable statute of limitations period as irrelevant, misleading and confusing, unduly prejudicial to Defendants and more prejudicial than probative under 402 and 403. |
| 33. | Raul Reynoso - Sample of Daily Craft Timesheets and Sign In Sheets | Objection as to those sign-in sheets wholly unrelated to Plaintiff Raul Reynoso as irrelevant, misleading and confusing, unduly prejudicial to Defendants and more prejudicial than probative under 402 and 403. |
| 34. | Alvaro Valencia - Sample of Daily Craft Timesheets and Sign In Sheets | Objection as to those sign-in sheets wholly unrelated to Plaintiff Alvaro Valencia as irrelevant, misleading and confusing, unduly prejudicial to Defendants and more prejudicial than probative under 402 and 403. |

| | | |
|---|---|---|
| 35. | Benjamin Garcia - Sample of Daily Craft Timesheets and Sign In Sheets | Objection as to the sign-in sheets and timesheets dated outside the applicable statute of limitations period as irrelevant, misleading and confusing, unduly prejudicial to Defendants and more prejudicial than probative under 402 and 403. |
| 38. | Mark McCollister deposition transcript | Inadmissible hearsay under FED. R. EVID. 801(c); 804(b)(1).<br>Not admissible under Fed. R. Civ. P. 32(a)(4).<br>Non-compliant with Standing Order MC-16 at § b(2)(B)(vi) in that no deposition citations are provided. |
| 39. | McCollister Depo Ex 1 Plaintiff's Notice of Oral Deposition of Defendant's Corporate designee(s) with Most Knowledge and Subpoena Duces Tecum | Inadmissible hearsay, irrelevant, misleading and confusing, unduly prejudicial to Defendants and more prejudicial than probative under 402 and 403. |
| 40. | McCollister Depo. Ex 2 - Video | Inadmissible hearsay, misleading and confusing, unduly prejudicial to Defendants and more prejudicial than probative under 402 and 403. |
| 43. | McCollister Depo Ex 6 CEP News Update, May 2010 | Irrelevant, inadmissible hearsay, misleading and confusing, cumulative, unduly prejudicial to Defendants and more prejudicial than probative under 402 and 403. |
| 45. | McCollister Depo Ex 8 Motiva PAR CEP Project Timesheet Tracking Report | Objection as to those timesheets dated outside the applicable statute of limitations period and/or wholly unrelated to the nine representative Plaintiffs whose claims may be at issue in this trial as irrelevant, misleading and confusing, unduly prejudicial to Defendants and more prejudicial than probative under 402 and 403. |
| 46. | McCollister Depo Ex 9 Tracer Daily Craft Timesheet | Objection as to those timesheets wholly unrelated to the nine representative Plaintiffs whose claims may be at issue in this trial as irrelevant, misleading and confusing, unduly prejudicial to Defendants and more prejudicial than probative under 402 and 403. |
| 47. | McCollister Depo Ex 10 Unit Summary for General, NP DFL | Objection as to those timesheets wholly unrelated to the nine representative Plaintiffs whose claims may be at issue in this trial as irrelevant, misleading and confusing, unduly prejudicial to Defendants and more prejudicial than probative under 402 and 403. |
| 49. | McCollister Depo Ex 12 Tracer Sign In | Objection as to those sign-in sheets wholly |

7693777 v1

| | | |
|---|---|---|
| | Sheet | unrelated to the nine representative Plaintiffs whose claims may be at issue in this trial as irrelevant, misleading and confusing, unduly prejudicial to Defendants and more prejudicial than probative under 402 and 403. |
| 51. | McCollister Depo Ex 14 Tracer Daily Craft Timesheet | Objection as to those timesheets wholly unrelated to the nine representative Plaintiffs whose claims may be at issue in this trial as irrelevant, misleading and confusing, unduly prejudicial to Defendants and more prejudicial than probative under 402 and 403. |
| 52. | McCollister Depo Ex 15 Tracer Industries Sign Out Log | Objection as to those sign-in sheets wholly unrelated to the nine representative Plaintiffs whose claims may be at issue in this trial as irrelevant, misleading and confusing, unduly prejudicial to Defendants and more prejudicial than probative under 402 and 403. |
| 53. | McCollister Depo Ex 16 Deposition Transcript of Mark Brittain | Inadmissible hearsay under FED. R. EVID. 801(c); 804(b)(1). Not admissible under Fed. R. Civ. P. 32(a)(4). Non-compliant with Standing Order MC-16 at § b(2)(B)(vi) in that no deposition citations are provided. Plaintiffs failed to timely disclose Mr. Brittain in their Rule 26 Disclosures or Interrogatory Answers. Irrelevant, misleading and confusing, unduly prejudicial to Defendants and more prejudicial than probative under 402 and 403. |
| 55. | McCollister Depo Ex 18 Tracer Industries Sign In/Out Log, Safety Trailer | Objection as to those sign-in sheets wholly unrelated to the nine representative Plaintiffs whose claims may be at issue in this trial as irrelevant, misleading and confusing, unduly prejudicial to Defendants and more prejudicial than probative under 402 and 403. |
| 56. | McCollister Depo Ex 19 Defendant Tracer Industries Management Co., Inc.'s Objections and Responses to Plaintiffs' Interrogatories | Inadmissible hearsay. |
| 57. | McCollister Depo Ex 20 Defendant Tracer Industries Management Co., Inc.'s Responses to Plaintiffs' Request for Production of Documents | Inadmissible hearsay. |
| 59. | Motiva's Life-Saving Rules | Irrelevant, misleading and confusing, cumulative, unduly prejudicial to Defendants and more prejudicial than probative under 402 |

10

7693777 v1

| | | |
|---|---|---|
| | | and 403. |
| 61. | OFFER Oral Deposition Transcript of Sammy E. Beckworth (9-16-11) and exhibits | Inadmissible hearsay under Fed. R. Evid. 801(c); 804(b)(1). Not admissible under Fed. R. Civ. P. 32(a)(4). Plaintiffs failed to timely disclose Mr. Beckworth in their Rule 26 Disclosures or Interrogatory Answers. Irrelevant, misleading and confusing, unduly prejudicial to Defendants and more prejudicial than probative under 402 and 403. |
| 62. | S & B Engineers and Constructors, LTD Motiva Port Arthur, Texas SBU2 Crude Expansion Project; Subject: Employee Busing Changed to Start 05/10/10 from the "National Lot" at Spur 82 and Terminal Road in Port Arthur | Inadmissible hearsay, irrelevant, misleading and confusing, unduly prejudicial to Defendants and more prejudicial than probative under 402 and 403. |
| 63. | OFFER Oral Deposition Transcript of Darryl Churchwell (10-12-11) and exhibits | Inadmissible hearsay under Fed. R. Evid. 801(c); 804(b)(1). Not admissible under Fed. R. Civ. P. 32(a)(4). Plaintiffs failed to timely disclose Mr. Churchwell in their Rule 26 Disclosures or Interrogatory Answers. Irrelevant, misleading and confusing, unduly prejudicial to Defendants and more prejudicial than probative under 402 and 403. |
| 64. | Mark Brittain (VP of Turner Industries Group) Answers to Interrogatories | Inadmissible hearsay. Plaintiffs failed to timely disclose Mr. Brittain in their Rule 26 Disclosures or Interrogatory Answers. Irrelevant, misleading and confusing, unduly prejudicial to Defendants and more prejudicial than probative under 402 and 403. |
| 73. | Photos from Beaumont Enterprise depicting Motiva CEP | Inadmissible hearsay, irrelevant, misleading and confusing, unduly prejudicial to Defendants and more prejudicial than probative under 402 and 403. |
| 74. | Motiva Port Arthur Crude Expansion Project Fact Sheet | Inadmissible hearsay, irrelevant, misleading and confusing, unduly prejudicial to Defendants and more prejudicial than probative under 402 and 403. |
| 75. | Summary of Days Worked for Aldo Moreno, Alvaro Valencia, Benjamin Gutierrez Garcia, Jose Luis Alvarez, Juan Manuel Hernandez, Ramiro Guizar Munguia, Raul G Reynoso, | Inaccurate compilation under Fed. R. Evid. 1006. Contrary to Admissions of Fact 9, 10, 13, 15, 16, 20, 22-23, 27, 29, 30, 34, 36-37, 41-42, 47-49, 53, 56-57. Joint Pretrial Order (Dkt. 61 at |

|  |  |  |
|---|---|---|
|  | Ruben Perez, Jr., Bayardo Jose Munguia | 13-17). Misleading and confusing, unduly prejudicial to Defendants and more prejudicial than probative under 402 and 403. |
| 76. | Tracer's Total Number of Days Worked for Aldo Moreno | Inaccurate compilation under FED. R. EVID. 1006. Contrary to Admissions of Fact 34, 36-37. Joint Pretrial Order (Dkt. 61 at 13-17). Misleading and confusing, unduly prejudicial to Defendants and more prejudicial than probative under 402 and 403. |
| 78. | Tracer's Total Number of Days Worked for Benjamin Gutierrez Garcia | Inaccurate compilation under FED. R. EVID. 1006. Contrary to Admissions of Fact 13, 15, 16. Joint Pretrial Order (Dkt. 61 at 13-17). Misleading and confusing, unduly prejudicial to Defendants and more prejudicial than probative under 402 and 403. |
| 79. | Tracer's Total Number of Days Worked for Jose Luis Alvarez | Inaccurate compilation under FED. R. EVID. 1006. Contrary to Admissions of Fact 9-10. Joint Pretrial Order (Dkt. 61 at 13-17). Misleading and confusing, unduly prejudicial to Defendants and more prejudicial than probative under 402 and 403. |
| 80. | Tracer's Total Number of Days Worked for Juan Manuel Hernandez | Inaccurate compilation under FED. R. EVID. 1006. Contrary to Admissions of Fact 20, 22-23. Joint Pretrial Order (Dkt. 61 at 13-17). Misleading and confusing, unduly prejudicial to Defendants and more prejudicial than probative under 402 and 403. |
| 81. | Tracer's Total Number of Days Worked for Ramiro Guizar Munguia | Inaccurate compilation under FED. R. EVID. 1006. Contrary to Admissions of Fact 41-42. Joint Pretrial Order (Dkt. 61 at 13-17). Misleading and confusing, unduly prejudicial to Defendants and more prejudicial than probative under 402 and 403. |
| 82. | Tracer's Total Number of Days Worked for Raul G. Reynoso | Inaccurate compilation under FED. R. EVID. 1006. Contrary to Admissions of Fact 53. 56, 57. Joint Pretrial Order (Dkt. 61 at 13-17). Misleading and confusing, unduly prejudicial to Defendants and more prejudicial than probative under 402 and 403. |

7693777 v1

| | | |
|---|---|---|
| 83. | Tracer's Total Number of Days Worked for Reuben Perez, Jr. | Inaccurate compilation under FED. R. EVID. 1006.<br>Contrary to Admissions of Fact 47-49. Joint Pretrial Order (Dkt. 61 at 13-17).<br>Misleading and confusing, unduly prejudicial to Defendants and more prejudicial than probative under 402 and 403. |
| 84. | Tracer's Total Number of Days Worked for Bayardo Jose Munguia | Inaccurate compilation under FED. R. EVID. 1006.<br>Contrary to Admissions of Fact 27, 29-30. Joint Pretrial Order (Dkt. 61 at 13-17).<br>Misleading and confusing, unduly prejudicial to Defendants and more prejudicial than probative under 402 and 403. |
| 85. | Summary of Badged Time at Motiva for Aldo Moreno Garcia, Alvaro Valencia, Jose Luis Alvarez, Juan Manuel Hernandez, and Raul G. Reynoso | Inaccurate compilation under FED. R. EVID. 1006, misleading and confusing, unfairly prejudicial to Defendants and more prejudicial than probative under 402 and 403. |
| 86. | Summary of Badge Time at Motiva for Aldo Moreno | Inaccurate compilation under FED. R. EVID. 1006, misleading and confusing, unfairly prejudicial to Defendants and more prejudicial than probative under 402 and 403. |
| 87. | Summary of Badge Time at Motiva for Alvaro Valencia | Inaccurate compilation under FED. R. EVID. 1006, misleading and confusing, unfairly prejudicial to Defendants and more prejudicial than probative under 402 and 403. |
| 88. | Summary of Badge Time at Motiva for Jose Luis Alvarez | Inaccurate compilation under FED. R. EVID. 1006, misleading and confusing, unfairly prejudicial to Defendants and more prejudicial than probative under 402 and 403. |
| 89. | Summary of Badge Time at Motiva for Juan Manuel Hernandez | Inaccurate compilation under FED. R. EVID. 1006, misleading and confusing, unfairly prejudicial to Defendants and more prejudicial than probative under 402 and 403. |
| 90. | Summary of Badge Time at Motiva for Raul G. Reynoso | Inaccurate compilation under FED. R. EVID. 1006, misleading and confusing, unfairly prejudicial to Defendants and more prejudicial than probative under 402 and 403. |
| 91. | Department of Labor Response to Freedom of Information Act Request | Inadmissible hearsay, irrelevant, misleading and confusing, unfairly prejudicial to Defendants |

7693777 v1

| | | and more prejudicial than probative under 402 and 403. |
|---|---|---|
| 92. | Deposition Transcript of Jose Alvarez taken on September 11, 2015 | Inadmissible hearsay under FED. R. EVID. 801(c); 804(b)(1). Not admissible under Fed. R. Civ. P. 32(a)(4). Non-compliant with Standing Order MC-16 at § b(2)(B)(vi) in that no deposition citations are provided. |
| 93. | Deposition Transcript of Ruben Perez taken on September 9, 2015 | Inadmissible hearsay under FED. R. EVID. 801(c); 804(b)(1). Not admissible under Fed. R. Civ. P. 32(a)(4). Non-compliant with Standing Order MC-16 at § b(2)(B)(vi) in that no deposition citations are provided. |
| 94. | Perez Deposition Exhibit 6 – Third Amended Complaint | Inadmissible hearsay, misleading and confusing, unfairly prejudicial to Defendants and more prejudicial than probative under 402 and 403. |
| 95. | Deposition Transcript of Benjamin Garcia taken on September 11, 2015 | Inadmissible hearsay under FED. R. EVID. 801(c); 804(b)(1). Not admissible under Fed. R. Civ. P. 32(a)(4). Non-compliant with Standing Order MC-16 at § b(2)(B)(vi) in that no deposition citations are provided. |
| 96. | Deposition Transcript of Alvaro Valencia taken on September 10, 2015 | Inadmissible hearsay under FED. R. EVID. 801(c); 804(b)(1). Not admissible under Fed. R. Civ. P. 32(a)(4). Non-compliant with Standing Order MC-16 at § b(2)(B)(vi) in that no deposition citations are provided. |
| 97. | Deposition Transcript of Aldo Moreno-Garcia taken on September 29, 2015 | Inadmissible hearsay under FED. R. EVID. 801(c); 804(b)(1). Not admissible under Fed. R. Civ. P. 32(a)(4). Non-compliant with Standing Order MC-16 at § b(2)(B)(vi) in that no deposition citations are provided. |
| 98. | Deposition Transcript of Ramiro Munguia taken on September 8, 2015 | Inadmissible hearsay under FED. R. EVID. 801(c); 804(b)(1). Not admissible under Fed. R. Civ. P. 32(a)(4). Non-compliant with Standing Order MC-16 at § b(2)(B)(vi) in that no deposition citations are provided. |
| 99. | Munguia Deposition Exhibit 8 – Third Amended Complaint | Inadmissible hearsay, misleading and confusing, unfairly prejudicial to Defendants and more prejudicial than probative under 402 and 403. |

| | | |
|---|---|---|
| 100. | Deposition Transcript of Raul Reynoso taken on September 10, 2015 | Inadmissible hearsay under FED. R. EVID. 801(c); 804(b)(1). Not admissible under Fed. R. Civ. P. 32(a)(4). Non-compliant with Standing Order MC-16 at § b(2)(B)(vi) in that no deposition citations are provided. |
| 101. | Deposition Transcript of Juan Manuel Hernandez | Inadmissible hearsay under FED. R. EVID. 801(c); 804(b)(1). Not admissible under Fed. R. Civ. P. 32(a)(4). Non-compliant with Standing Order MC-16 at § b(2)(B)(vi) in that no deposition citations are provided. |
| 102. | Alvaro Valencia Personnel File material | Contains irrelevant information. Defendants submit that their Exhibit No. 87 containing relevant material from Plaintiff Alvaro Valencia's personnel file should be admitted in lieu of this exhibit containing irrelevant material. |

This 27th day of July, 2016.               Respectfully submitted,


/s/     *Tiffany F. Lim*
WILLIAM C. MARTUCCI
(Admitted *pro hac vice*)
E-mail: wmartucci@shb.com
Missouri State Bar No. 28237
CARRIE A. MCATEE
(Admitted *pro hac vice*)
E-mail: cmcatee@shb.com
Missouri State Bar No. 54949
SHOOK, HARDY & BACON L.L.P.
2555 Grand Boulevard
Kansas City, Missouri 64108
Telephone: 816-474-6550
Facsimile: 816-421-5547

TIFFANY F. LIM
E-mail: tlim@shb.com
Texas State Bar No. 24092894
SHOOK, HARDY & BACON, LLP
JPMorgan Chase Tower
600 Travis Street, Suite 3400
Houston, TX 77002-2926

15

7693777 v1

Telephone: 713-227-8008
Facsimile: 713-227-9508


**ATTORNEYS FOR DEFENDANTS TRACER INDUSTRIES MANAGEMENT CO. AND PENTAIR THERMAL MANAGEMENT**

7693777 v1

## **CERTIFICATE OF SERVICE**

  I hereby certify that on this 27th day of July, 2016, I served a copy of the foregoing on counsel for Plaintiffs through the Court's ECF filing system:

  John Werner
  REAUD, MORGAN & QUINN, L.L.P.
  801 Laurel Street
  P.O. Box 26005
  Beaumont, Texas 77720-6005
  jwerner@rmqlawfirm.com

  Mark Frasher
  REAUD, MORGAN & QUINN, L.L.P.
  801 Laurel Street
  P.O. Box 26005
  mfrasher@rmqlawfirm.com

  **ATTORNEYS FOR PLAINTIFFS**

                */s/ Tiffany F. Lim*
                TIFFANY F. LIM

7693777 v1