| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |
|---|---|

ROLANDO ALANIS, *et al.*, §
§
      Plaintiffs, §
§
*versus* §   CIVIL ACTION NO. 1:13-CV-386
§
§
TRACER INDUSTRIES MANAGEMENT §
CO., INC., *et al.*, §
§
      Defendants. §

## MEMORANDUM ORDER ADOPTING REPORT AND RECOMMENDATION

The Court referred this matter to United States Magistrate Judge Keith F. Giblin for consideration and recommended disposition of case-dispositive pretrial motions. On August 1, 2016, Judge Giblin issued a report and recommendation in which he recommended that the Court grant in part and deny in part Defendant Tracer Industries Management Company, Inc.'s ("Tracer") amended motion for partial summary judgment (#36). Plaintiffs and the defendant filed objections to the magistrate judge's recommendation. The parties also filed responses to the opposing objections. The Court will consider the parties' objections and related arguments in turn.

The plaintiffs first object to Judge Giblin's findings on the issue of Tracer's willfulness and related recommendation that the Court decline to award liquidated damages. They argue that the magistrate judge failed to consider properly the defendant's burden on the issue. After reviewing Judge Giblin's report, the Court disagrees. The report sets out the Fifth Circuit law interpreting the pertinent provisions of the FLSA, 29 U.S.C. §§ 216(b) and 260. The FLSA clearly provides for an award of liquidated damages upon a finding of an employer's liability. *See* 29 U.S.C. § 216(b). It also provides, however, an exception to the award of liquidated damages. *See* 29

U.S.C. § 260. This exception allows for a court, in its discretion, to "award no liquidated damages" upon a showing by the employer that the act or omission giving rise to the employer's liability was in good faith and that the employer had reasonable grounds for believing that his act or omission was not a violation of the FLSA. *Id.*; *see also Black v. SettlePou, P.C.*, 732 F.3d 492, 501 (5th Cir. 2014) (citing *Singer v. City of Waco*, 324 F.3d 813, 822 (5th Cir. 2003)). This Court's own *de novo* review of the summary judgment evidence reveals that Judge Giblin did not err in reaching the ultimate conclusion that Tracer acted in good faith and based its actions on reasonable grounds. Plaintiffs point to their own testimony that they made complaints about non-compensable time, but Judge Giblin considered this testimony in his report, discussing inconsistencies in the plaintiffs' statements about how exactly they voiced these purported complaints and to whom. Tracer also presented summary judgment evidence from its corporate representative, Mark McCollister ("McCollister"), establishing that Tracer took many steps to ensure that it was compliant with the applicable employment laws and regulations. In their objections, plaintiffs take issue with Judge Giblin's reliance on McCollister's declaration rather than his deposition testimony. Tracer responds by pointing to statements from McCollister's deposition which also support a finding of good faith. The Court finds that Tracer has set forth evidence which meets its burden to establish good faith and reasonableness. Evaluation of the evidence supporting good faith and reasonableness is a discretionary determination. *See Steele v. Leasing Enters., Ltd.*, No. 15-20139, __F.3d__, 2016 WL 3268996, at *5 (5th Cir. 2016) (citing *Cox v. Brookshire Grocery Co.*, 919 F.2d 354, 357 (5th Cir. 1990)). The Court concludes that the plaintiffs' objections on the issue of wilfulness should be overruled. As to liquidated damages, the plaintiffs' objections to Judge Giblin's findings that Tracer has met its burden to establish good

faith and reasonableness are overruled. While the Court adopts Judge Giblin's findings that Tracer acted reasonably and in good faith, the Court will exercise its discretion and defer ruling on whether to award liquidated damages until after trial. *See Cash v. Conn Appliances, Inc.*, 2 F. Supp. 2d 884, 898 (E.D. Tex. 1997) (citing *Lee v. Coahoma Cty.*, 937 F.2d 220, 226-27 (5th Cir. 1991)).

Plaintiffs also object by stating that (1) they produced evidence sufficient for a reasonable jury to find that their personal protective equipment ("PPE") was integral and indispensable to their work on the Motiva Crude Expansion Project ("CEP") at issue in this case; (2) they should be permitted to submit their "engaged to wait" claims to the jury; (3) the magistrate judge failed properly to consider evidence on their claims for unpaid lunch time; and (4) they have presented evidence creating a fact issue on whether a number of the plaintiffs were required to perform work activities during the bus ride to their work site. This Court has considered these legal issues numerous times in related FLSA litigation arising out of the Motiva CEP. The Court has consistently overruled these same arguments presented by the plaintiffs. Every case, of course, requires its own fact-intensive inquiry under the summary judgment standard and the FLSA. The Court's independent review of the evidence submitted by the plaintiffs in this case shows that Judge Giblin properly concluded that no issues of genuine material fact exist on these claims, aside from the three plaintiffs who raised colorable lunch time claims.

Judge Giblin addressed the specific PPE at issue and did not err in his application of governing Fifth Circuit and Supreme Court precedent outlining the "integral and indispensable" test in considering the plaintiffs' claim for time spent donning and doffing their PPE. *See Report* (#74), at pp. 14-17. Judge Giblin also discussed *Integrity Staffing Solutions, Inc. v. Busk*,

3

\_\_U.S.\_\_, 135 S. Ct. 513, 518 (2014) and *Steiner v. Mitchell*, 350 U.S. 247 (1956) in his report, which support his decision. The plaintiffs do not explain how Judge Giblin erred in his application of those cases to the evidence at hand, and they offer no additional evidence with their objections which contradict Judge Giblin's findings. As discussed in the report, the plaintiffs' continued reliance on the fact that certain PPE was required as part of a Motiva CEP standard safety protocol is misplaced. The Supreme Court has indicated that the integral and indispensable test turns on whether the activity at issue is tied to the productive work that the employee is employed to perform, not whether it is required by the employer. *See Busk*, 135 S. Ct. at 519. After considering the record, the Court agrees that the PPE at issue here was not integral and indispensable to the plaintiffs' work. Even if it were integral and indispensable, the plaintiffs' PPE claim does not rise above the level of *de minimis* because their own testimony shows that it took no more time to don and doff their PPE than it would to dress in regular clothes.

As for the bus time claims, plaintiffs simply object by pointing to the testimony of two plaintiffs, Ruben Perez ("Perez") and Ramiro Munguia ("Munguia"), that they discussed work on the bus. *See Plaintiffs' Objections* (#77), at pp. 11-12. Judge Giblin addressed this testimony in his report and also noted that Perez indicated that the work-related discussions on the bus took no more than five minutes, while Munguia stated that work-related conversations would only occur about once per month. *See Report*, at pp. 12-13. The vast majority of the plaintiffs' testimony establishes that they were free to do personal activities during the bus ride. *Id*. at 12. Munguia and Perez also indicated that the work-related conversations on the bus were no more than general conversations about the work day as opposed to "getting orders" or being "lined out." *Id*. at 12-13; *see also Munguia and Perez Deposition Testimony, Exhibits 5 and 10 to Amended Motion for*

*Summary Judgment* (#36-5, #36-15). A review of the evidence supports the conclusion that the claimed bus time is non-compensable under *Griffin v. S&B Engineers and Constructors*, 507 F. App'x 377 (5th Cir. 2013), and, alternatively, that the little time spent discussing work on the bus by Munguia and Perez renders it non-compensable as *de minimis*. Plaintiffs' objections are therefore overruled on the bus time claims.

Next, Plaintiffs object to Judge Gibiln's recommendation that summary judgment be granted for Tracer on the "engaged to wait" claims. Plaintiffs argue that "[t]here is not sufficient evidence to show that Plaintiffs talked, smoked, ate or rested each day after they reported to the Motiva Refinery prior to the shift." *Objections*, at p. 8. Tracer did present testimony indicating that the plaintiffs were in fact allowed to engage in a number of personal activities while waiting for their shifts to start. *See Report*, at pp. 17 (citing summary judgment record). The Court agrees with Judge Giblin that Tracer is entitled to summary judgment on any claims asserted by the plaintiffs that they are entitled to compensation for simply waiting for their shifts to begin. The magistrate judge did find that factual issues existed on whether the plaintiffs were required to perform pre-shift work during this time. As far as the plaintiffs' claim that they are entitled to compensation for simply waiting 15-20 minutes for their shifts to start, the Court agrees with Judge Giblin's analysis on this issue as outlined in his report and overrules the plaintiffs' objections in this regard. As discussed by Judge Giblin and in the defendant's response to plaintiffs' objections, United States Supreme Court precedent supports this conclusion. *See Busk*, 135 S. Ct. at 519. Tracer is therefore entitled to summary judgment on any "engaged to wait" cause of action asserted by the plaintiffs.

Tracer objects solely to the magistrate judge's findings on three of the plaintiffs' claims for compensable time during their lunch breaks. Tracer argues that the plaintiffs failed properly to plead a cause of action for compensable lunch time in their live complaint. In the Fourth Amended Complaint, plaintiffs state that "[i]n addition to the compensable work activities Plaintiffs engaged in prior to and after the pay period, Plaintiffs were also required by Defendant to use up to one half or more of their 30 minute lunch period walking to and from the designated lunch area." *See First Amended Complaint* (#19-1), at p. 7. The plaintiffs also plead that "[d]uring the above stated times, Plaintiffs were unable to effectively use their time for their own purposes and were performing work activities required by, and for the benefit of Defendant[.]" *Id*. While the plaintiffs may not have specifically stated that they were required to perform work activities during their lunch period in their live pleading, they did indicate that they would be seeking damages for unpaid compensable time during the lunch break. The Court finds that the statements in the Fourth Amended Complaint sufficiently put the defendant on notice that the lunch break allegations were part of the plaintiffs' claimed compensable time. The Court disagrees with the defendant that the plaintiffs are required to plead this claim with more detail and agrees with the plaintiffs' response to defendant's objections in which the plaintiffs argue they have sufficiently pleaded their lunch break claim under the applicable pleading standards. *See* FED. R. CIV. P. 8(a)(2) ("A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief.") The plaintiffs submitted testimony from three plaintiffs - Jose Alvarez ("Alvarez"), Munguia, and Alvaro Valencia ("Valencia") - creating a fact issue on whether they were required to perform work during their unpaid lunch break. The Court agrees with Judge Giblin on this issue and overrules the defendant's objection.

Pursuant to 28 U.S.C. § 636(b)(1), the Court conducted a *de novo* review of the magistrate judge's findings, the record, the specific objections, and the applicable law in this proceeding. After review, the Court finds that Judge Giblin's findings should be accepted. The Court ORDERS that the parties' objections (#76, #77) to the magistrate judge's report are OVERRULED. The Court ORDERS that the report and recommendation (#74) is ADOPTED except to the extent the court will defer ruling on an award of liquidated damages. It is further ORDERED that the pending amended motion for partial summary judgment (#36) is GRANTED IN PART and DENIED IN PART, as recommended by Judge Giblin, except the court will exercise its discretion and defer ruling on the issue of whether to award liquidated damages until after trial.

Summary judgment is therefore entered in favor of the defendant on the plaintiffs' claims for compensable time spent riding the bus to Motiva; on the plaintiffs' claims for time spent donning and doffing PPE; and for "engaged to wait" time. Summary judgment is also granted in Tracer's favor on all of the plaintiffs' lunch break claims, with the exception of plaintiffs Valencia, Alvarez, and Munguia. Genuine issues of material fact remain on Valencia's, Alvarez's, and Munguia's claims for compensable lunch break time. The Court also adopts Judge Giblin's findings on willfulness, good faith, and reasonableness.

Finally, summary judgment is denied on the plaintiffs' claims for pre-shift and post-shift compensable time. Factual issues exist on all of the plaintiffs' allegations regarding whether they performed compensable work activities prior to and after their work shifts.

SIGNED at Beaumont, Texas, this 16th day of August, 2016.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE