|                                      |   |                              |
|--------------------------------------|---|------------------------------|
| UNITED STATES DISTRICT COURT         |   | EASTERN DISTRICT OF TEXAS    |

ROLANDO ALANIS, *et al.*, §
§
    Plaintiffs, §
§
*versus* §   CIVIL ACTION NO. 1:13-CV-386
§
TRACER INDUSTRIES MANAGEMENT §
CO., INC. and PENTAIR THERMAL §
MANAGEMENT, LLC, §
§
    Defendants. §

## MEMORANDUM AND ORDER

Pending before the court are Defendants' Objections to Plaintiffs' Exhibit List (#90), in which Defendants object to the admission of certain exhibits. Having considered the objections, the responses, and the applicable law, the court is of the opinion that Defendants' objections should be sustained in part and overruled in part.

I.    Background

Originally, this case was part of an earlier filed case, No. 1:12-CV-556. On June 4, 2013, the court severed Plaintiffs' claims against Defendant Tracer Management Company, Inc. ("Tracer"), and the Clerk of the Court opened the instant case. *See* Doc. No. 1. This case is being brought pursuant to the Fair Labor Standards Act ("FLSA"). *See* 29 U.S.C. §§ 201-219. In short, Plaintiffs contend that they performed work prior to and after their scheduled shifts and, therefore, are entitled to additional overtime wages under the FLSA. Plaintiffs also allege that they were not afforded their bona fide, thirty-minute lunch breaks and are thus entitled to further compensation. *See* 29 C.F.R. § 785.18-.19. Plaintiffs are also seeking reasonable attorneys' fees pursuant to 29 U.S.C § 216(b).

This case involves 253 individual plaintiffs. At the court's instruction, the parties have selected nine plaintiffs' claims to try to a jury.[1] Based on the court's Third Amended Scheduling Order (#31), the discovery period ended on October 16, 2015.[2] The case is set for a Final Status Conference on August 19, 2016, and the trial is scheduled to begin on August 22, 2016.

In accordance with the court's scheduling order, the parties filed their Proposed Joint Pretrial Order (#61) on July 15, 2016. Subsequently, on August 1, 2016, Judge Giblin issued a Report and Recommendation on Defendants' Motion for Partial Summary Judgment (#74), which disposed of several of Plaintiffs' claims. Based on Judge Giblin's Report and Recommendation and the court's instructions, the parties submitted an Amended Joint Pretrial Order (#81) (hereinafter, the "JPTO") on August 9, 2016. As part of the JPTO, Plaintiffs collectively submitted their proposed exhibit list. JPTO (#81), Exh. C. Defendants likewise submitted a proposed exhibit list. JPTO (#81), Exh. D. The court adopted Judge Giblin's Report and Recommendation on August 12, 2016, but deferred ruling on the issue of liquidated damages until after the trial. Doc. No. 98. On August 12, 2016, Defendants filed their instant objections concerning proposed exhibits on various grounds, including relevance, hearsay, and unfair prejudice.

For the purpose of this motion, there are two important facts that are applicable to almost every one of Defendants' objections. First, Plaintiffs were employed by Defendants to perform

---

[1] The selected plaintiffs are: Jose Alvarez ("Alvarez"); Benjamin Garcia ("Garcia"); Juan Manuel Hernandez ("Hernandez"); Bayardo Jose-Munguia ("Jose-Munguia"); Aldo Moreno-Garcia ("Moreno-Garcia"); Ramiro Munguia ("Munguia"); Ruben Perez ("Perez"); Raul Reynoso ("Reynoso"); and Alvaro Valencia ("Valencia") (collectively "the Trial Plaintiffs").

[2] The Third Amended Scheduling Order was the last order setting a discovery deadline. All subsequent scheduling orders did not affect the discovery deadline.

2

electrical and insulation services as part of a substantial expansion of the Motiva Enterprises Refinery (the "Motiva site" or the "Motiva facility") located in Port Arthur, Texas, which involved a multitude of different companies and hundreds of workers. Second, the Trial Plaintiffs worked for Defendants at the Motiva site in 2011 and 2012. According to the parties' JPTO, none of the Trial Plaintiffs worked for Defendants at the Motiva site in 2010.

II.  Discussion

"Evidence is relevant if it has a tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action." FED. R. EVID. 401; *see United States v. Jones*, 664 F.3d 966, 975 (5th Cir. 2011), *cert. denied*, 132 S. Ct. 2728 (2012) (explaining the test for relevance). "Relevance typically presents a low barrier to admissibility." *United States v. Van Metre*, 150 F.3d 339, 349 (4th Cir. 1998); *see E.E.O.C. v. Manville Sales Corp.*, 27 F.3d 1089, 1093 (5th Cir. 1994) ("[T]he standard for relevance is a liberal one."), *cert. denied*, 513 U.S. 1190 (1995); *Orthoflex, Inc. v. ThermoTek, Inc.*, 986 F. Supp. 2d 776, 787 (N.D. Tex. 2013). Nevertheless, "[t]hough relevance is a low threshold to meet, not all evidence is relevant." *Jones*, 664 F.3d at 975.

Further, Rule 403 of the Federal Rules of Evidence states that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." FED. R. EVID. 403. The scope of Rule 403 is quite narrow and its application must be cautious and sparing. *United States v. Fields*, 483 F.3d 313, 354 (5th Cir. 2007), *cert. denied*, 552 U.S. 1144 (2008). In other words, "[i]ts major function is limited to excluding matter of scant or cumulative probative force, dragged in by the

3

heels for the sake of its prejudicial effect." *Id*. (quoting *United States v. Pace*, 10 F.3d 1106, 1116 (5th Cir. 1993), *cert. denied*, 511 U.S. 1149 (1994)).

Indeed, "[r]elevant evidence is inherently prejudicial; but it is only *unfair* prejudice, *substantially* outweighing the probative value, which permits exclusion under Rule 403." *United States v. Martinez*, 235 F. App'x 322, 323 (5th Cir. 2007) (citing *Pace*, 10 F.3d at 1115-16) (emphasis in original); *United States v. Williams*, No. 14-250, 2015 WL 5970326, at *4 (E.D. La. Oct. 14, 2015); *accord Fields*, 483 F.3d at 354. As the United States Court of Appeals for the Fifth Circuit has observed, "the exclusion of evidence under Rule 403 should occur only sparingly." *Martinez*, 235 F. App'x at 323 (citing *Pace*, 10 F.3d at 1115-16); *Williams*, 2015 WL 5970326, at *4. Ultimately, in weighing the probative value of evidence against the dangers and considerations enumerated in Rule 403, the general rule is that the balance should be struck in favor of admission. *United States v. Levine*, 477 F.3d 596, 603 (8th Cir.), *cert. denied*, 551 U.S. 1147 (2007).

A.   <u>Deposition Transcripts—Exhibits 30 and 66 through 72</u>

Defendants object to Plaintiffs' Exhibits 30 and 66 through 72—deposition transcripts of eight Trial Plaintiffs and Mark Brittain ("Brittain")—based on hearsay and Plaintiffs' failure to comply with this court's standing order, which requires a party offering deposition testimony to provide excerpts. Defendants also raise several additional objections to Exhibit 30, Brittain's deposition. Under the Federal Rules of Evidence, deposition transcripts, offered for the truth of the matters asserted therein, are hearsay and may not be admitted as evidence unless a hearsay exception applies. *See* FED. R. EVID. 801(c) (defining hearsay), 802 ("Hearsay is not admissible . . . ."). Generally, deposition testimony is admissible only when the deponent—*i.e.*

4

the declarant—is unavailable for trial. *See* FED. R. EVID. 804(b)(1); *see also* FED. R. CIV. P. 32(a)(4) (stating that a party may use a deposition if a witness is unavailable and setting forth the criteria for when a witness is deemed "unavailable"). As the Fifth Circuit has explained, "[a] deposition may not be introduced into the record at a trial or hearing for any purpose unless the witness is unavailable or exceptional circumstances justify its admission." *Jauch v. Corley*, 830 F.2d 47, 49-50 (5th Cir. 1987); *accord Powertrain, Inc. v. Ma*, 640 F. App'x 263, 265 (5th Cir. 2016); *see United States v. Turner*, 561 F. App'x 312, 321 (5th Cir. 2014) (a party "cannot rely on Rule 807's residual exception to do an end run around Rule 804(b)(1)'s requirement that the witness be unavailable").

In their JPTO, the parties represented to the court that they "do not foresee any trial witnesses being unavailable." Doc. No. 81, at 18. Accordingly, Defendants' hearsay objections to Plaintiffs' Exhibits 30 and 66 through 72 are SUSTAINED.

In the event that a witness does become unavailable for trial, Plaintiffs may attempt to lay the proper predicate to establish that witness's unavailability and that their testimony is admissible. *See* FED. R. EVID. 804. Further, Plaintiffs' counsel will need to explain to the court when they learned that the witness was going to be unavailable, why the witness is unavailable, and why they failed to provide timely excerpts in accordance with the court's standing order. Standing Order MC-16 at (b)(2)(B)(vi) ("If a witness is to appear by deposition, [the offering party must] cite the inclusive pages and lines to be read.").[3]

---

[3] If Plaintiffs' counsel knew that a witness would be likely unavailable before August 9, 2016—the date the amended JPTO was due—Plaintiffs should have included deposition excerpts in the JPTO as part of Plaintiffs' Witness List and indicated that the witness might not be available for trial.

Brittain's deposition—Exhibit 30—is inadmissible for a multitude of reasons. First, as noted above, Plaintiffs have not shown that he is unavailable. *See* FED. R. EVID 804(a). Second, Brittain has been struck from Plaintiffs' Witness List because he was not timely disclosed under Rule 26 and in response to Defendants' interrogatory. Doc. No. 101; *see* FED. R. CIV. P. 37(c). Thus, admitting Brittain's deposition as an exhibit would undermine the discovery rules and the court's prior ruling. Third, Brittain's deposition cannot be used against these Defendants in this case because they were not present or represented at the deposition, which was taken by Plaintiffs' counsel in another case, *Rios v. Turner Indus. Grp.*, Case Number 1:13-cv-387.[4] *See* FED. R. CIV. P. 32(a)(1); FED. R. EVID. 804(b)(1); *Powertrain*, 640 F. App'x at 265-66.

Plaintiffs' sole basis for admitting Brittain's deposition is that Defendants' corporate representative, Mark McCollister ("McCollister"), purportedly reviewed it in preparation for his deposition. Plaintiffs cite no authority that a deposition becomes admissible simply because it is reviewed by a lay witness.[5] Accordingly, Defendants' additional objections to Plaintiffs' Exhibit 30 are SUSTAINED. Simply put, Plaintiffs' Exhibit 30 is INADMISSIBLE.

B. <u>Documents Related to Safety and Safety Procedures</u>

Defendants object to Plaintiffs' Exhibits 2, 6, 8, 9, 11, 31, 35, and 36—various documents concerning safety policies at Motiva—as irrelevant, cumulative, and unfairly prejudicial. Defendants also object to Plaintiffs' Exhibits 4, 10, and 23—documents containing information

---

[4] Although *Rios* concerns the same subject matter—unpaid overtime during the Motiva expansion project—Defendants were not parties to that case.

[5] McCollister has not been designated as an expert witness in this case by either party.

about workplace injuries at the Motiva site—on the same grounds. Plaintiffs respond that the exhibits are relevant and are not unfairly prejudicial.

### 1. Exhibits 2, 6, 9, 11, 31, 35, and 36

Defendants' relevance objections center on Judge Giblin's findings, which the court adopted, that any time spent "donning and doffing" personal protective equipment ("PPE") is not compensable under the FLSA. Nonetheless, the safety procedures in place and working conditions at the Motiva site are relevant to Plaintiffs' claims. Specifically, Plaintiffs claim that they were required to engage in pre and post shift activities, including participating in safety meetings, retrieving various tools and equipment, completing paperwork, gathering and inventorying equipment, engaging in exercise or calisthenics, and cleaning up at the end of the day. Further, Plaintiffs were required to participate in various safety programs including the "STARRT—Safety Task Analysis Risk Reduction Talk" procedure, Tool Box Safety Meetings, and People Based Safety Program. Thus, any procedures and working conditions have a tendency to make Plaintiffs' claims that they were required to engage in pre and post shift activities—the central fact at issue in this case—more or less probable than it would be without this evidence.[6] *See* FED. R. EVID. 401. Further, the probative value of Exhibits 2, 6, 9, 11, 31, 35, and 36 is not substantially outweighed by unfair prejudice or other factors enumerated in Rule 403.[7] *See* FED. R. EVID. 403;

---

[6] In fact, Defendants have offered similar exhibits—Defendants' Exhibits 1, Motiva CEP Employment Conditions and Work Rules, and 2, Motiva CEP Project Environmental, Health & Safety Handbook. Both of these exhibits describe the work environment and related safety procedures at the Motiva site.

[7] As Plaintiffs noted, any prejudice or potential confusion surrounding PPE can be cured with a limiting instruction from the court that time spent donning and doffing PPE is not compensable time.

7

*Fields*, 483 F.3d at 354. Accordingly, Defendants' objections to Plaintiffs' Exhibits 2, 6, 9, 11, 31, 35, and 36 are OVERRULED.

   2.   Exhibit 8

The relevance of Plaintiffs' Exhibit 8, entitled "Hexavalent Chromium Compliance Plan," is not immediately clear to the court. Specifically, it is not apparent that any of the Trial Plaintiffs worked with chromium-containing materials or in areas where chromium was present. Accordingly, Defendants' relevance object is SUSTAINED; however, Plaintiffs may re-offer Plaintiffs' Exhibit 8 if they can show its relevance.

   3.   Exhibits 4, 10, and 23

In addition to their relevance and unfairly prejudicial objections, Defendants also object to Plaintiffs' Exhibits 4, 10, and 23 as inadmissible hearsay. Under the Federal Rules of Evidence, hearsay, defined as any statement not made by a person while testifying in the current trial or hearing and that is offered to prove the truth of the matter asserted, is inadmissible. FED. R. EVID. 801, 802. Although there are numerous exceptions under which hearsay is admissible, Plaintiffs fail to respond to Defendants' hearsay objections. *See* FED. R. EVID. 803, 804.

Plaintiffs' Exhibit 4 is a chart listing numerous workplace injuries that occurred between December 2005 and April 2012, at the Motiva site. The first five and a half pages of Exhibit 4 concern events that occurred prior to Trial Plaintiffs' working for Defendants at the Motiva site in 2011 and 2012; only two pages concern events that occurred in 2011 or 2012. Further, of the 176 injuries listed, only two were employees of Defendants. None of the Trial Plaintiffs are asserting claims for personal injuries in the case at bar. Accordingly, the vast majority of Exhibit 4 is irrelevant to the Trial Plaintiffs' claims and any slight probative value is substantially

outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, and wasting time. *See* FED. R. EVID. 401, 402, 403. Accordingly, Defendants' relevance and unfair prejudice objections to Plaintiffs' Exhibit 4 are SUSTAINED.

Plaintiffs' Exhibit 10 is a "CEP News Update" discussing various events occurring within and in connection with the Motiva expansion project. Exhibit 10 was published in May 2010, before the Trial Plaintiffs began working for Defendants at the Motiva site. Therefore, Exhibit 10 is not relevant to the Trial Plaintiffs' claims. *See* FED. R. EVID. 401, 402. Further, a news update from Bechtel-Jacobs, a third party, is hearsay. *See* FED. R. EVID. 802. Accordingly, Defendants' objections to Plaintiffs' Exhibit 10 are SUSTAINED.

Plaintiffs' Exhibit 23—a compilation of several newspaper articles—constitutes inadmissible hearsay. *See* FED. R. EVID. 802; *James v. Tex. Collin Cty.*, 535 F.3d 365, 374 (5th Cir. 2008) (stating that newspaper articles are inadmissible hearsay); *Roberts v. City of Shreveport*, 397 F.3d 287, 295 (5th Cir. 2005) (noting that newspaper articles are "classic, inadmissible hearsay"); *Dallas Cty. v. Commercial Union Assurance Co.*, 286 F.2d 388, 391-92 (5th Cir. 1961) ("[A] newspaper article is hearsay, and in almost all circumstances is inadmissible."). Accordingly, Defendants' hearsay objection to Plaintiffs' Exhibit 23 is SUSTAINED.

C.  Documents Concerning Non-Trial Plaintiffs

Defendants object to Plaintiffs' Exhibits 25, 38, 39, 41, and 44 because they contain information about non-trial plaintiffs. Specifically, Defendants assert that to the extent these exhibits contain information about non-trial plaintiffs, they are not relevant and are unfairly prejudicial and likely to confuse the issues. After reviewing Plaintiffs' Exhibits 25, 38, 39, 41,

9

and 44, the court concludes that the information related to the Trial Plaintiffs is certainly relevant. Although, the documents contain some information related to non-trial plaintiffs, they are substantially similar to Defendants' Exhibits 20, 21, 28, 29, 36, 37, 53, 59, 60, 65, 66, 73, 74, 75, and 76. Defendants' exhibits also contain information about non-trial plaintiffs, but, as with Plaintiffs' exhibits, this information provides the context of the exhibit. Therefore, Plaintiffs' exhibits are relevant and their probative value is not substantially outweighed by the dangers of unfair prejudice or confusing the issues. *See* FED. R. EVID. 401, 402, 403. Thus, Defendants' objections to Plaintiffs' Exhibits 25, 38, 39, 41, and 44 are OVERRULED.

D.  Summaries of Badge Time Records—Exhibits 58 through 63

Plaintiffs' Exhibits 58 through 63 are purported summaries of badged time at Motiva for five of the Trial Plaintiffs. Defendants object and assert in a conclusory manner that these exhibits are improper summaries under Federal Rule of Evidence 1006. Defendants also contend that the summaries are misleading, confusing, and unfairly prejudicial.

The amount of time that the Trial Plaintiffs were present at the Motiva site is relevant to their claims that they were not properly compensated for pre and post shift activities. *See* FED. R. EVID. 401, 402. Further, the probative value of Exhibits 58 through 63 is not substantially outweighed by unfair prejudice or any of the other factors enumerated in Rule 403. *See* FED. R. EVID. 403; *Fields*, 483 F.3d at 354. Thus, Defendants' Rule 403 objection to Plaintiffs' Exhibits 58 through 63 is OVERRULED.

Nevertheless, the summaries still must be admissible under Rule 1006. Under Rule 1006 of the Federal Rules of Evidence:

> The proponent may use a summary, chart, or calculation to prove the content of voluminous writings, recordings, or photographs that cannot be conveniently

10

> examined in court. The proponent must make the original or duplicates available for examination or copying, or both, by other parties at a reasonable time and place. And the court may order the proponent to produce them in court.

FED. R. EVID. 1006; *United States v. Smith*, 822 F.3d 755, 759 (5th Cir. 2016). The proponent is not required to admit the underlying records into evidence before offering the chart or summary. *Smith*, 822 F.3d at 759; *United States v. Valencia*, 600 F.3d 389, 417-18 (5th Cir.), *cert. denied*, 562 U.S. 893 (2010) (holding that requiring the admission of underlying records "would contravene the plain language and purposes of Rule 1006"). "Summaries are generally admissible when '(1) they are based on competent evidence already before the jury, (2) the primary evidence used to construct the charts is available to the other side for comparison so that the correctness of the summary may be tested, (3) the chart preparer is available for cross-examination, and (4) the jury is properly instructed concerning use of the charts.'" *Chapman v. A.S.U.I. Healthcare & Dev. Ctr.*, 562 F. App'x 182, 186 (5th Cir), *cert. denied*, 134 S. Ct. 2733 (2014) (quoting *United States v. Bishop*, 264 F.3d 535, 547 (5th Cir. 2001), *cert. denied*, 535 U.S. 1016 (2002)).

Additionally, with respect to charts and summaries, the Fifth Circuit has cautioned that "trial judges must carefully handle their preparation and use. Not only must such writings, recordings, or photographs be so voluminous that they cannot be conveniently examined in court, as the Rule specifies, but there must be supporting evidence [that] has been presented previously to the jury to establish any assumptions reflected in the summary." *United States v. Hart*, 295 F.3d 451, 455 (5th Cir. 2002); *State Indus. Prods. Corp. v. Beta Tech., Inc.*, No. 3:07-cv-77, 2008 WL 2230197, at *4 (S.D. Miss. May 28, 2008).

The court notes Defendants' Rule 1006 objections and will CONDITIONALLY ADMIT Plaintiffs' Exhibits 58 through 63, subject to Plaintiffs' laying the proper foundation and predicate

11

for their use as a chart or summary under Rule 1006. *See Chapman*, 562 F. App'x at 186 (using a chart to determine the amount of overtime worked in an FLSA case).

    E.    <u>Objections to Specific Exhibits</u>

Defendants also object to specific exhibits on various grounds. Many of these "objections" are simply boilerplate and offer no explanation concerning how or why a particular exhibit is inadmissible. *See* FED. R. EVID. 103(a)(1)(B) (noting that a proper objection to the admission of evidence requires the objecting party to "state the specific ground, unless apparent from the context").

    1.    <u>Exhibit 1</u>

Defendants object to Plaintiffs' Exhibit 1, a Deposition on Written Questions to Motiva Enterprises and answered by Debra M. Mestemaker ("Mestemaker"), as inadmissable hearsay. Defendants also object that pages 3 through 14 are irrelevant and unfairly prejudicial.[8] After reviewing Exhibit 1, the court sees no relevance to the exhibit, which consists of mostly blank pages and blank forms with no records attached. Further, the Plaintiffs fail to explain how the exhibit, which contains statements from a third party, is not hearsay.[9] Therefore, Defendants' objections to Plaintiffs' Exhibit 1 are SUSTAINED.

---

[8] In almost all of their objections, Defendants list all the factors enumerated in Rule 403. The court notes, however, that most of Defendants' Rule 403 objections actually concern the potential for unfair prejudice. Consequently, the court will refer to Defendants' Rule 403 objection as simply "unfair prejudice," unless otherwise noted.

[9] In any event, Plaintiffs list Mestemaker as a witness in this case. Thus, she is not unavailable. *See* FED. R. EVID. 804.

### 2. Exhibit 5

Plaintiffs' Exhibit 5 is a PowerPoint presentation concerning transportation plans during the Motiva Project. Defendants object that the exhibit is irrelevant based on Judge Giblin's finding, which the court adopted, that Plaintiffs' bus time claims are not compensable under the FLSA and should be dismissed. Because Plaintiffs' bus time is not compensable, Exhibit 5 is irrelevant and may confuse the issues or mislead the jury as well as waste time. *See* FED. R. EVID. 401, 402, 403; *see also Griffin v. S&B Eng'rs & Constructors, Inc.*, 507 F. App'x 377, 383 (5th Cir. 2013) (holding that a plaintiff did not have claim for time spent riding a bus under the FLSA simply because it was required at the Motiva facility). Accordingly, Defendants' relevance objection to Plaintiffs' Exhibit 5 is SUSTAINED.

### 3. Exhibit 18

Defendants object that Plaintiffs' Exhibit 18 is misleading and confusing as printed and state that Defendants' Exhibits 32 and 33 are formatted and printed correctly. Plaintiffs have agreed to withdraw Exhibit 18 and refer to Defendants' Exhibits 32 and 33 instead. Accordingly, Plaintiffs' Exhibit 18 is WITHDRAWN, and Defendants' objection is OVERRULED AS MOOT.

### 4. Exhibit 20 and 27

Plaintiffs' Exhibits 20 and 27 are the same DVD video, which purportedly depicts Tracer's employees working at the Motiva site and different areas of the Motiva facility. Defendants object that the video contains inadmissible hearsay and is unfairly prejudicial. Plaintiffs respond that the video was provided to Plaintiffs' counsel in response to a deposition on written questions to Motiva and was confirmed as authentic by McCollister, Tracer's corporate representative, during his deposition. Nevertheless, simply because the video is authentic does not mean that it does not

constitute inadmissible hearsay or that it is not unfairly prejudicial. Although Plaintiffs provided a DVD to the court, the court has been unable to access the DVD due to technological compatibility issues. Because the court is unable to review the video, Defendants' objections to Plaintiffs' Exhibits 20 and 27 are SUSTAINED at this time; however, Plaintiffs may re-offer Exhibit 20 (or 27) if they can establish that it is not hearsay and is not unfairly prejudicial.[10]

### 5. Exhibit 21

Plaintiffs' Exhibit 21 is a declaration by Verna Rutherford ("Rutherford"), a representative of Motiva. Defendants object that the exhibit is inadmissible hearsay. Plaintiffs respond that Rutherford will be called as a witness to prove up the matters stated in her declaration. Nonetheless, the declaration is hearsay and, therefore, inadmissible. *See* FED. R. EVID. 801, 802. Accordingly, Defendants' hearsay objection to Plaintiffs' Exhibit 21 is SUSTAINED.

### 6. Exhibit 24

Defendants object that a particular sign-in sheet for Plaintiff Alvarez that is dated April 8, 2009, is outside the statute of limitations in this case. Plaintiffs have agreed to withdraw the April 8, 2009, sign-in sheet. Accordingly, page one of Exhibit 24 is STRUCK, and Defendants' objection is OVERRULED AS MOOT.

### 7. Exhibit 26

Plaintiffs' Exhibit 26 is entitled Plaintiffs' Notice of Oral Deposition of Defendant's Corporate Designee(s) with Most Knowledge And Subpoena Duces Tecum. Attached to the notice of deposition and subpoena are multiple documents that appear to be other Plaintiffs' exhibits in

---

[10] Plaintiffs should re-offer the exhibit as either Plaintiffs' Exhibit 20 or Plaintiffs' Exhibit 27, but not both.

this case. Defendants object to Plaintiffs' Exhibit 26 on the grounds that it constitutes inadmissible hearsay, is irrelevant, and is unfairly prejudicial. The court notes that this is a boiler-plate objection, and Defendants fail to provide a specific basis for their objection. Nevertheless, Plaintiffs did not even bother to respond to the objection.

After reviewing the exhibit, it appears to the court to contain hearsay as well as irrelevant information—*i.e.*, Plaintiffs' Exhibit 5 which has been ruled irrelevant. Further, the exhibit is cumulative of other exhibits and is likely to confuse the issues, mislead the jury, and waste time. *See* FED. R. EVID. 403; *United States v. Colomb*, 419 F.3d 292, 302 (5th Cir. 2005); *Curtis v. M&S Petroleum, Inc.*, 174 F.3d 661, 673 (5th Cir. 1999). Accordingly, Defendants' objections to Plaintiffs' Exhibit 26 are SUSTAINED.

### 8. Exhibit 32

Plaintiffs' Exhibit 32 consists of Tracer's responses to Plaintiffs' Request for Interrogatories. First, Defendants object that the exhibit contains inadmissible hearsay. Second, Defendants object that it contains irrelevant information and is unfairly prejudicial. Plaintiffs respond that Tracer's responses are statements of a party opponent and, therefore, not hearsay.

Tracer's actual responses, which were verified by McCollister, are not hearsay. As Plaintiffs correctly point out, they are statements of a party opponent and, therefore, not hearsay. *See* FED. R. EVID. 801(d)(2). Nevertheless, some of the responses concern issues that have already been resolved by the court and are irrelevant. *See* FED. R. EVID. 401, 402. Likewise, the exhibit includes Defendants' objections, which are irrelevant. *See id*. Further, Defendants' objections would likely confuse the issues and mislead the jury. *See* FED. R. EVID. 403. Simply, put, although Exhibit 32 may contain admissible material, it also contains inadmissable material.

15

Accordingly, Defendants' objections to Plaintiffs' Exhibit 32 are SUSTAINED. Plaintiffs' counsel may read certain of Plaintiffs' interrogatories and Tracer's responses to the jury, provided that they are relevant, but the interrogatories and responses, as a whole, will not be admitted into evidence.

9. Exhibit 33

Plaintiffs' Exhibit 33 consists of Tracer's responses to Plaintiffs' Request for the Production of Documents. Defendants object that the exhibit contains inadmissible hearsay and irrelevant information and is unfairly prejudicial. Plaintiffs respond that the exhibit is not hearsay because it is a statement of a party opponent.

In short, while the documents produced may be relevant to the case, the requests themselves are not. *See* FED. R. EVID. 401, 402. Further, presenting a discovery request, along with Defendants' objections to the request, is likely to confuse the issues, mislead the jury, and waste time. *See* FED. R. EVID. 403. Accordingly, Defendants' objections to Plaintiffs' Exhibit 33 are SUSTAINED.

10. Exhibit 37

Plaintiffs' Exhibit 37 is a memorandum from S&B Engineers and Constructors, Ltd. concerning busing at the Motiva facility. Defendants object that Exhibit 37 is inadmissible hearsay, irrelevant, and unfairly prejudicial. Plaintiffs did not respond to Defendants' objections. Aside from it lack of relevance to the case at bat, this memorandum from a third party is hearsay and inadmissible. *See* FED. R. EVID. 801, 802. Accordingly, Defendants' objections to Plaintiffs' Exhibit 37 are SUSTAINED.

### 11. Exhibit 46

Plaintiffs' Exhibit 46 contains various undated photographs of the Motiva facility and pictures of Motiva executives from a local newspaper website. Defendants object that Plaintiffs' Exhibit 46 contains inadmissible hearsay, is irrelevant, and is unfairly prejudicial. Plaintiffs did not respond to Defendants' objections. The relevance of this exhibit is questionable, and its admission would appear to mislead the jury, confuse the issues, generate unfair prejudice, and waste time. *See* FED. R. EVID. 403. Accordingly, Defendants' objections to Plaintiffs' Exhibit 46 are SUSTAINED.

### 12. Exhibit 47

Plaintiffs' Exhibit 47 is a "Fact Sheet" about the Motiva project and contains an attached newspaper article and photographs similar to those found in Plaintiffs' Exhibit 46. Defendants object that Exhibit 47 contains inadmissible hearsay, is irrelevant, and is unfairly prejudicial. Plaintiffs did not respond to Defendants' objections. To the extent Exhibit 47 constitutes the written statement of a third party it is hearsay and inadmissible. *See* FED. R. EVID. 801, 802. Further, as noted above, newspaper articles are hearsay and inadmissable. *See* FED. R. EVID. 802; *James*, 535 F.3d at 374.

Moreover, the relevance of the exhibit is questionable, and its admission would appear to mislead the jury, confuse the issues, and generate unfair prejudice. *See* FED. R. EVID. 403. Lastly, information contained in the exhibit related to the Motiva expansion project is cumulative of other exhibits and expected testimony and would waste time. *See id*. Accordingly, Defendants' objections to Plaintiffs' Exhibit 47 are SUSTAINED.

13. Exhibit 64

Plaintiffs' Exhibit 64 is a letter to Plaintiffs' counsel from the Department of Labor about a Freedom of Information Act request concerning Shell Oil Company ("Shell") and Motiva Enterprises, LLC. The exhibit also contains various data about Shell and Motiva, including printouts of Shell's earnings in 2011 and Shell's Board of Directors. Defendants object that Exhibit 46 contains inadmissible hearsay, is irrelevant, and is unfairly prejudicial. Plaintiffs did not respond to Defendants' objections.

Most, if not all, of the information in Exhibit 64 is inadmissible hearsay. *See* FED. R. EVID. 801, 802. Further, Motiva and Shell are not parties to this case. Consequently, specific information about their businesses, especially their earnings, is irrelevant and, in any event, is substantially more prejudicial than probative of any fact at issue in this case. *See* FED. R. EVID. 401, 403. Accordingly, Defendants' objections to Plaintiffs' Exhibit 64 are SUSTAINED.

14. Exhibit 73

Plaintiffs' Exhibit 73 consists of material from Plaintiff Valencia's personal file. Defendants object that the exhibit contains irrelevant information and state that Defendants' Exhibit 71 should be used instead because it does not contain the irrelevant information. Plaintiffs respond that because Defendant does not identify the "irrelevant information," their objection should be overruled.

Exhibit 73 is approximately 90 pages long and contains a plethora of information. Thus, Defendants' "objection" that the exhibit somewhere contains irrelevant information is both unhelpful and improper. *See* FED. R. EVID. 103(a)(1)(B) (noting that a proper objection to the admission of evidence requires the objecting party to "state the specific ground, unless apparent

18

from the context"). Accordingly, Defendants' objection to Plaintiffs' Exhibit 73 is OVERRULED.

III. Conclusion

For the foregoing reasons, Defendants' objections to Plaintiffs' Exhibits 1, 4, 5, 10, 21, 23, 26, 30, 32,[11] 33, 37, 46, 47, 64, and 66 through 72[12] are SUSTAINED and those exhibits are STRUCK from Plaintiffs' Exhibit List (#81-1, Exh. C.). Defendants' objections to Plaintiffs' Exhibits 8, 20, and 27 are SUSTAINED; however, Plaintiffs may re-offer these exhibits if they can lay the proper predicate.

Plaintiffs' Exhibit 18 and the first page of Plaintiffs' Exhibit 24 are WITHDRAWN and are STRUCK from Plaintiffs' Exhibit List (#81-1, Exh. C). Accordingly, Defendants' objections to Plaintiffs' Exhibits 18 and 24 are OVERRULED AS MOOT.

Plaintiffs' Exhibits 58 through 63 are CONDITIONALLY ADMITTED provided that Plaintiffs lay the proper predicate under Federal Rule of Evidence 1006.

Defendants' objections to Plaintiffs' Exhibits 2, 6, 9, 11, 25, 31, 35, 36, 38, 39, 41, 44, and 73 are OVERRULED.

IT IS SO ORDERED.

SIGNED at Beaumont, Texas, this 18th day of August, 2016.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE

---

[11] Plaintiffs will be permitted to read certain interrogatories and Tracer's responses, provided they are relevant.

[12] Subject to the conditions discussed above, Plaintiffs' counsel may attempt to re-offer the designated portions of a deposition if a witness is unavailable for trial.